UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

    Plaintiff,

    v.

H. WILLIAMS; et al.,

    Defendants.

No. C 14-1245 SI (pr)

**ORDER TO SHOW CAUSE RE. CONTEMPLATED DISMISSAL**

    Jimmie Stephen, an inmate at San Quentin State Prison, has filed this civil rights action under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the court for consideration of plaintiff's requests to disqualify or recuse the undersigned, motion for appointment of counsel, and *in forma pauperis* applications.

A.    <u>Motions To Disqualify or Recuse Judge</u>

    Recusal is the process by which a federal judge may be disqualified from a given case. Motions to recuse a district judge are governed by two statutes, 28 U.S.C. § 144 and § 455. Section 144 provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." Section 455 also provides grounds for disqualification, and requires a judge to disqualify herself in any proceeding in which her impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice

to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 506 n.30 (N.D. Cal. 1976). Plaintiff's recusal request does not meet the legal sufficiency requirement of § 144 because the allegations of bias are conclusory. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (affidavit inadequate when based on conclusory allegations of bias); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (district judge correctly rejected disqualification motion as legally insufficient and had no duty to refer it to another judge because the alleged bias or prejudice did not arise from an extrajudicial source). It was not sufficient to simply urge that a judge is biased because she has ruled against plaintiff; it was incumbent on plaintiff to explain how an adverse ruling reflects bias, and he did not do so. It is well-established that actions taken by a judge during the normal course of court proceedings are not a proper ground for disqualification – and plaintiff's complaints are of just this sort, as he complains about the rulings in an earlier action he filed. Judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid basis for a bias or impartiality motion. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal); *Toth v. TWA, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (same). Plaintiff's recusal motion also does not require disqualification under § 455. Plaintiff's recusal requests must be rejected for the additional reason that he did not provide a sworn statement or a declaration under penalty of perjury. The recusal requests are DENIED. (Docket # 6 and # 11.)

B.     Motion To Appoint Counsel

Plaintiff has moved for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together

before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. Plaintiff's motion for appointment of counsel is DENIED. (Docket # 10.)

C.      In Forma Pauper Application And § 1915(g) Restrictions on Plaintiff

A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that plaintiff has filed dozens of cases in the several federal courts in California does not alone warrant dismissal under § 1915(g). *See id.* Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews*

implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in plaintiff's prior prisoner actions and appeals reveals that he has had at least three such actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The qualifying cases include: (1) *Stephen v. Silverman*, N. D. Cal. Case No. C 10-496 SI (dismissed as frivolous); (2) *Stephen v. Reinhardt*, N. D. Cal. Case No. C 10-349 SI (dismissed as frivolous); (3) *Stephen v. Zulfacur*, S. D. Cal. Case No. 93cv1943 R (RBB) (dismissed for failure to state a claim upon which relief may be granted); (4) *Stephen v. Hernandez*, S. D. Cal. Case No. 06cv0171 L (WMc) (dismissed for failure to state a claim upon which relief may be granted); (5) *Stephen v. Shelar*, S. D. Cal. Case No. 06cv1054 LAB (WMc) (dismissed for failure to state a claim); (6) *Stephen v. Marshal*, C. D. Cal. No. 07-cv-5337-UA-SH (dismissed because action was "legally and/or factually patently frivolous" and for other reasons); and (7) *Stephen v. Hoxie*, C. D. Cal. No. 08-cv-3260-SH (dismissal for failure to state a claim).

In light of these dismissals, and because plaintiff did not appear to be under imminent danger of serious physical injury when he filed the complaint, plaintiff is ORDERED TO SHOW CAUSE in writing filed no later than **June 27, 2014,** why *in forma pauperis* should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why each action should not be dismissed, plaintiff may avoid dismissal by paying the full $400.00 filing fee by the deadline.

IT IS SO ORDERED.

Dated: May 22, 2014                            _____
                                               SUSAN ILLSTON
                                               United States District Judge

4