United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

    Plaintiff,

v.

H. WILLIAMS; et al.,

    Defendants.
                            /

No. C 14-1245 SI (pr)

**ORDER DENYING PAUPER APPLICATION**

On May 22, 2014, the court ordered plaintiff to show cause why this action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The order identified seven prior dismissals that appeared to count under § 1915(g) and ordered plaintiff to show cause why pauper status should not be denied and the action should not be dismissed. The order further stated that plaintiff also could avoid dismissal by paying the filing fee by the deadline.

Plaintiff filed numerous documents after the order to show cause was issued, but none of them provides any reason not to impose the restrictions of § 1915(g) on him.[1] Only two points

---

[1] Plaintiff's motion to proceed on Federal Rule of Civil Procedure 20, motion to supplement, and motion to strike are DENIED without prejudice to plaintiff filing further motions after he pays the full filing fee in this action. (Docket # 13, # 16, and # 18.) The court

warrant comment. First, plaintiff appears to urge that Case No. 09-1516 MCE should not count as a dismissal. *See* Docket # 18. The argument is misguided because no case with that number was on the list of seven cases the court had identified as qualifying dismissals for § 1915(g) purposes. *See* Docket # 12 at 2. Second, plaintiff argues that the dismissals in *Stephen v. Silverman*, Case No. C 10-496 SI, and *Stephen v. Reinhardt*, Case No. C 10-349 SI, should not count because they were actions for writ of mandamus. His argument fails to persuade as to at least one of the dismissals. Petitioner did commence those two actions by filing petitions for writ of mandamus, but the substance of at least the petition in Case No. C 10-496 SI shows that it was clearly within the reach of § 1915(g). In Case No. C 10-496 SI, the petition for writ of mandamus alleged that respondent Ninth Circuit judges had abused their discretion in dismissing his appeal from the order of dismissal in *Stephen v. Oshiro*, C. D. Cal. No. CV 09-7671 UA. The underlying district court case was a prison condition case. See Docket # 2-2 in *Stephen v. Oshiro*, C. D. Cal. No. CV 09-7671 UA. Although ordinary habeas and perhaps mandamus actions generally do not count for § 1915(g) purposes, *see Anderson v. King*, 398 F.3d 1113, 1122-23 & n.12 (9th Cir. 2005), the petition for writ of mandamus filed by plaintiff was simply a further step in his efforts to complain about prison conditions. He cannot avoid the limits of the PLRA by creative use of pleading labels, especially when the pleading was not intended for the purpose to which plaintiff has used it. *See generally id.* at 1122 n.12 (habeas petition may be counted as a dismissal under § 1915(g) if it is just a mislabelled civil rights complaint); *cf. In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996) (Prison Litigation Reform Act ("PLRA") fee provisions should normally apply to prisoner who tries to avoid PLRA by using a petition for writ of mandamus directed at a prison official to assert civil rights claims that normally would be brought in a § 1983 action). The petition for writ of mandamus in Case No. C 10-496 SI was dismissed because this court had no authority to review a Ninth Circuit decision or otherwise to compel Ninth Circuit judges to decide appeals in any particular way. *See* Docket # 5 in *Stephen*

did, however, review these filings to see if they had any information pertinent to the § 1915(g) issue and concludes that they do not show plaintiff to be in imminent danger of serious physical harm or otherwise able to avoid § 1915(g).

*v. Silverman*, N. D. Cal. No. 10-496 SI. The dismissal in Case No. C 10-496 SI counts for § 1915(g) purposes because that action was an effort to obtain a super-review of an appellate court's rejection of a dismissal of a prison conditions complaint; the mandamus petition took on the character of the underlying action. The other petition for writ of mandamus identified by plaintiff, *Stephen v. Reinhardt*, N. D. Cal. Case No. C 10-349 SI, was distantly related to a habeas petition, and therefore will not be counted for § 1915(g) purposes, even though it was frivolous. Excluding that one case, there still are the other six cases identified in the order to show cause that count as dismissals for § 1915(g) purposes.

Plaintiff did not pay the filing fee, did not show that there were not three or more dismissals that could be counted under § 1915(g), is not in imminent danger of serious physical injury, and did not otherwise show cause why this action could not be dismissed.

For the foregoing reasons, plaintiff's *in forma pauperis* application is DENIED. (Docket # 3, # 7, # 9.) As plaintiff has indicated in that someone outside prison would pay the filing fee for him, *see* Docket # 14, the court will give him a chance to make that happen. Plaintiff must pay the full filing fee of $400.00 (i.e., the $350.00 filing fee plus the $50.00 administrative fee) no later than **September 15, 2014**. Failure to pay the full filing fee will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: September 2, 2014

_____
SUSAN ILLSTON
United States District Judge