UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br><br>    Plaintiff,<br><br>  v.<br><br>H. WILLIAMS; et al.,<br><br>    Defendants.<br>_____/ | No. C 14-1245 SI (pr)<br><br>**ORDER FOR SERVICE AND PARTIAL DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983 complaining of conditions of confinement and applied to proceed *in forma pauperis*. The court ordered plaintiff to show cause why this action should not be dismissed under 28 U.S.C. § 1915(g), and later relied on § 1915(g) to deny pauper status for plaintiff. Plaintiff paid the filing fee and therefore may proceed, although his pleading remain subject to review under 28 U.S.C. § 1915A, which applies to all prisoner actions regardless of fee status. The court reviewed the amended complaint, was unable to understand large parts of it and required plaintiff to file a second amended complaint. Plaintiff filed a second amended complaint (Docket # 30), which is now before the court for review under § 1915A.

## BACKGROUND

Plaintiff alleges in his second amended complaint that he hurt his right foot on July 3, 2013, and sought care for it in the "TTA" on July 5, 2013. The TTA sent him to see nurse de

la Cruz, who refused to see him; plaintiff was told to fill out a sick call slip. He received a ducat for his swollen foot on July 9, 2013, and went back for medical care, where he "was denied again by 'B. Honey,'" and told to leave by officer Terry. Plaintiff returned to the TTA on July 10, 2013, was seen by Dr. Alvarez, and was told that his right foot was broken in four places. Dr. Alvarez "failed to Treat plaintiff Serios Injuries when he only gave plaintiff a Cane and Boot 'No Bottom bed Chrono' as plaintiff slept again on 'top' 'bed' for 30 More Days." *Id.* at 4 (errors in source). Plaintiff passed by de la Cruz as he entered the hospital and Dr. Espinoza walked by him twice without providing any medical care. *Id.* Dr. Espinoza (who allegedly took over for Dr. Reyes after Dr. Reyes left San Quentin on or about April 1, 2012) allegedly continues to deny him a bottom bunk chrono which he needs due to his medical problems. *Id.* at 6. Plaintiff further alleges that there are single cells available and they are being filled by prisoners who don't need them as much has he does. *See id.* at 6-7.[1]

Plaintiff also alleges claims about many other unrelated problems he has experienced at San Quentin. He complains about dental care, canteen purchases, correspondence, and the law library's supplies and book collection, but the court does not understand the allegations. *See* Docket # 30 at 5, 12. He further alleges that he has been subjected to segregation, retaliation, false charges and searches since November 21, 2011, as a result of several conspiracies among members of the correctional staff (i.e., Williams, Davi, Ancheta, Ali, Ogle, Caldera, Seaman, Sougery, Herrera and Elliott). He further complains that his inmate appeals were denied or canceled by appeals coordinator Davis and SSA Baxter, with the involvement

---

[1] Plaintiff also alleges in his second amended complaint that, since his arrival at San Quentin in November 2011, he has been denied a bottom bunk and housing him on the fifth tier, notwithstanding that he was 62 years old and had three serious surgeries. *See* Docket # 30 at 4. Plaintiff already litigated his claim about the allegedly improper denial of a bottom bunk in 2011 and 2012. *Stephen v. Reyes*, C 12-3722 SI, Docket # 65 (granting summary judgment in favor of Dr. Reyes, his primary care provider, on several claims, including that plaintiff was improperly denied a bottom bunk in 2011-2012). An appeal is pending in the Ninth Circuit. Plaintiff cannot simply relitigate a claim already decided against him, even if he adds a new defendant. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious).

2

of Williams.

## DISCUSSION

A.   Review of Second Amended Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The second amended complaint, like plaintiff's earlier pleadings, covers a wide variety of unrelated problems. Many of plaintiff's allegations cannot be understood, but enough can be understood for the court to determine that certain medical care claims can go forward and that other claims should be dismissed on improper joinder grounds.

1.   The Medical Care Claims

To allege a § 1983 claim based on deficient medical care, a plaintiff must allege facts showing a serious medical need and deliberate indifference to that need by one or more defendants. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

3

Liberally construed, the *pro se* second amended complaint states a cognizable claim for deliberate indifference to plaintiff's medical needs against nurse de la Cruz, nurse Honey, and Dr. Alvarez. Defendants de la Cruz, Honey and Dr. Alvarez allegedly failed to adequately respond to plaintiff's foot injury that occurred in early July 2013, and Dr. Alvarez specifically refused to provide a bottom bunk chrono. Dr. Espinoza allegedly denied him a bottom bunk chrono, and won't let him single cell. A claim is not stated against correctional officer Terry, who merely directed plaintiff to leave the medical treatment area after medical staff determined that they would not treat plaintiff.

### 2. The Other Claims and Defendants

Under Federal Rule of Civil Procedure 20(a) all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims made no effort to show that the 24 defendants had participated in the same transaction or series of transactions or that a question of fact was common to all defendants). The Ninth Circuit "has described the term 'transaction or occurrence' as referring to 'similarity in the factual background of a claim'; claims that 'arise out of a systematic pattern of events' arise from the same transaction or occurrence. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir.1997); *see also Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir.1960) (claims that have 'very definite logical relationship' arise out of same transaction and occurrence)." *Bautista v. Los Angeles County*, 216 F.3d 837, 842-43 (9th Cir. 2000) (Reinhardt, J., concurring). "Instead of developing one generalized test for

4

ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts seem to have adopted a case-by-case approach. As stated by one district court judge: 'there can be no hard and fast rule, and that the approach must be a general one of whether there are enough ultimate factual concurrences that it would be fair to the parties to require them to defend jointly [the several claims] against them.'" 7 Wright, Miller & Kane, Federal Practice and Procedure § 1653 (3d ed. 2001) (citation omitted).

Here, the second amended complaint has a joinder problem. The claims against the defendants are not "with respect to or arising out of the same . . . series of transactions or occurrences," as required for permissive joinder. *See* Fed. R. Civ. P. 20(b). The medical care claims arise out of a different series of occurrences than the claims pertaining to dental care, canteen purchases, correspondence, the law library, segregation, retaliation, false chargers, improper searches, and improper denial of inmate appeals. There also are not questions of law or fact common to the medical defendants and all the other defendants. The non-medical defendants (and claims against them) are not properly joined with the medical defendants.

Dismissal of the entire action is not necessary, however, as the improper joinder problem can be solved by merely dismissing the improperly joined parties. *See* Fed. R. Civ. P. 21. Accordingly, the court will dismiss all the defendants except for defendants de la Cruz, Honey, Alvarez, and Espinoza. The dismissal of the improperly joined parties is without prejudice to plaintiff filing new actions asserting claims against those parties.

In light of the dismissal of the improperly joined parties, the court need not discuss the pleading problems in the claims against those defendants.

B.   Miscellaneous Motions

To date, plaintiff has filed a complaint, an amended complaint, two second amended complaints, and five motions to amend/supplement his pleadings. Two of his motions to amend/supplement need to be ruled upon. Plaintiff's motion to amend/supplement filed on November 17, 2014 was filed before he filed his second amended complaint. That motion

5

became moot when he filed his second amended complaint which superseded his earlier pleadings, and therefore is DENIED. (Docket # 29.)   Plaintiff's motion to supplement his pleading filed on January 9, 2015 is quite difficult to understand but appears to be an effort to add to the allegations of misconduct by the correctional staff.  This motion to supplement is DENIED because this order dismisses as improperly joined the correctional staff members and claims against them as improperly joined. (Docket # 32.)   Plaintiff may add the information from his motion to supplement into a new complaint if he wishes to file a new action against the correctional staff members.

Plaintiff has filed another *in forma pauperis* application.  The *in forma pauperis* application (Docket # 31) is DENIED for the reasons stated in the September 2, 2014 order denying pauper application.

As the court noted in the November 10, 2014 order of dismissal with leave to amend, because plaintiff has not been permitted to proceed as a pauper, plaintiff needs to arrange for someone other than the Marshal to serve the second amended complaint on the defendants.

**CONCLUSION**

1.     The second amended complaint, liberally construed, states a cognizable claim under § 1983 against nurse J. F. de la Cruz, nurse B. Honey, Dr. Alvarez and Dr. Espinoza for deliberate indifference to plaintiff's medical needs.  All other claims and defendants are dismissed.

2.     The clerk will issue a summons for each of the following defendants, all of whom apparently work at San Quentin State Prison:

- nurse J. F. de la Cruz
- nurse B. Honey
- Dr. Alvarez
- Dr. Espinoza

The clerk then will send the summonses to plaintiff for his use in service of process.  The clerk will send to plaintiff a copy of the second amended complaint (Docket # 30) to use in serving the defendants.

3. No later than **June 22, 2015**, plaintiff must (a) file a proof of service showing that he has caused the summons and second amended complaint to be served on each defendant or (b) show cause why this action should not be dismissed for failure to serve process within 120 days of the filing of the complaint. See Fed. R. Civ. P. 4(l)-(m). If he does neither, the action will be dismissed. Once plaintiff tends to serving process on the defendants, the court will set a scheduling order to move this case toward resolution.

4. When plaintiff causes the summons and second amended complaint to be served on each defendant, he must also cause a copy of this order to be served on each defendant.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: February 13, 2015

                                                SUSAN ILLSTON
                                            United States District Judge