UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN, | No. C 14-1245 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| H. WILLIAMS; et al., | |
| Defendants. | |

This is a *pro se* prisoner's civil rights action in which the plaintiff paid the filing fee after the court applied 28 U.S.C. § 1915(g) to deny his *in forma pauperis* application. (Docket # 20.)

In an order filed February 13, 2015, the court screened the second amended complaint (Docket # 30), and determined that it stated cognizable claims against four defendants for deliberate indifference to plaintiff's medical needs based on their allegedly deficient response to a foot injury in early July 2013 and denial of a bottom bunk chrono. (Docket # 33 at 4.) The court dismissed other claims and defendants (*Id.* at 4-5.) Finally, the court ordered plaintiff, who paid the filing fee, to serve process on the four defendants. (*Id.* at 7.) This matter is now before the court for consideration of several miscellaneous filings from plaintiff.

Plaintiff filed a motion for appointment of counsel to represent him in this action. (Docket # 41.) A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se*

in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. Plaintiff's motion for appointment of counsel is DENIED. (Docket # 41.)

Plaintiff has filed a request for the court to order prison officials to provide him access to the law library, legal copies, supplies, and forms. (Docket # 42.) To grant the requested relief, the court would have to interfere with the ordinary day-to-day operations of the prison, which generally federal courts are discouraged from doing. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (judiciary should exercise restraint on matters of prison administration). Plaintiff's numerous citations to legal authorities in his many filings indicate that he does have some access to legal materials. If plaintiff is unable to obtain a copy of a document he wants to file, he can handwrite out a second copy of that document. Also, as the court previously explained, plaintiff can obtain copies from the court if he uses the photocopy order form the court sent to him recently and pays for the copies; the court will not provide free copies to the plaintiff.

Plaintiff has requested the court to tend to service of process on the four defendants. (Docket # 43, # 44, # 49.) Upon a showing of good cause, the court may order the Marshal to serve process in a case where the plaintiff is not proceeding as a pauper. *See* N.D. Cal. Local Rule 4-1. The Marshal may require a deposit against the fee to be charged for such service. *See* 28 U.S.C. § 1921(d). The deposit is $8.00 per defendant to be served by mail, according to a Marshal's representative. After plaintiff filed his first two requests for the court to serve process on the four defendants, proofs of service purportedly showing that service of process had been accomplished on June 9, 2015 as to defendants Alvarez, Honey and Espinoza. (*See* Docket # 47, # 47-1 and # 47-2.) It thus appears – subject to any of those three defendants moving to quash the service – that court assistance in accomplishing service of process is no longer necessary as to those three defendants. With regard to the fourth defendant, nurse de la Cruz, plaintiff's most recent request for the court to serve process states that "if process server Klein is to be believed defendant de la Cruz no longer works for CDCR as retired." Docket # 49 at 2.

1    Since plaintiff does not know that de la Cruz still works at San Quentin and does not provide
2    another address at which he/she may be found, he has not shown good cause for the court to
3    order the Marshal to serve process on de la Cruz for him.  (Even if the court was inclined to
4    order the Marshal to serve process on a defendant, it would be contingent on plaintiff first paying
5    a deposit to the Marshal, but there is no reason for plaintiff to pay the deposit because he has not
6    provided an address at which de la Cruz could be served.)  Accordingly, the request for the court
7    to tend to service of process is DENIED.  (Docket # 43, # 44 and # 49.)

8    Plaintiff's request for "another 4 original summons & 2nd amended complaint," which
9    he claims he did not receive when the court first ordered them to be sent is DENIED.  (Docket
10   # 45.)  Plaintiff did receive the summonses when they were first issued, as evidenced by the fact
11   that he sent a copy of them back to the court as attachments to a recent letter.  (Docket # 48.)
12   And he likely received a copy of the second amended complaint, as the process server's proof
13   of service states that the second amended complaint was among the documents served on three
14   of the defendants.   (*See* Docket # 47.)

15   Plaintiff sent a letter asking the court clerk to "file & seal complaint & summons as no
16   filed copy sent & service processor never sent my original summons & return."  (Docket # 48.)
17   He attached to the letter copies of the four summonses issued by the clerk on February 17, 2015
18   and *a* second amended complaint.  The request is DENIED.  The court is largely unsure of what
19   plaintiff is requesting; to the extent the court can guess what plaintiff is requesting, he is not
20   entitled to the relief requested.   First, the complaint will not be sealed because the court's
21   records are public records and plaintiff has shown no basis to seal his complaint.  Second, there
22   was no reason to return the summonses because it was the plaintiff's obligation to accomplish
23   service of process.  Third, the  "second amended complaint" that is attached to the letter is
24   slightly different (e.g., additional pages and a different signature date) from the second amended
25   complaint (Docket # 30) that the court reviewed and directed plaintiff to serve on four
26   defendants.   Plaintiff is cautioned that to serve process, he needs to be sure that he serves on
27   defendants the same second amended complaint that has been filed and docketed in this action
28

and not a new and different one.  As explained in the next paragraph, it is plaintiff's obligation to effectuate service of process, and the court will not do it for him.

Defendant de la Cruz will be dismissed from this action on **July 10, 2105**, unless plaintiff files a proof of service showing that he has accomplished service of process on defendant de la Cruz or shows cause for his failure to do so.  *See* Fed. R. Civ. P. 4(m).

Plaintiff has filed many documents expressing his discontent with many different people about many different things.  The present action is not unlimited in scope; rather, it is limited to his claim that defendants acted with deliberate indifference to plaintiff's medical needs based on their allegedly deficient response to a foot injury in early July 2013 and denial of a bottom bunk chrono.  If plaintiff wants to complain about new and different problems he is experiencing, he must file a new action.

IT IS SO ORDERED.

Dated: June 18, 2015

_____
SUSAN ILLSTON
United States District Judge