UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIMMIE EARL STEPHEN,

    Plaintiff,

    v.

HAL WILLIAMS, et al.,

    Defendants.

Case No. 14-cv-01245-SI

**ORDER ON MISCELLANEOUS MOTIONS AND SETTING SCHEDULE**

Re: Dkt. Nos. 54, 55, 57, 58, 59, 60

This is a *pro se* prisoner's civil rights action in which the plaintiff paid the filing fee after the court applied 28 U.S.C. § 1915(g) to deny his *in forma pauperis* application. The matter is now before the court for consideration of several miscellaneous motions and to set a schedule to move this action toward resolution.

A.    <u>Miscellaneous Matters</u>

In an order filed June 18, 2015, the court stated that defendant De La Cruz would be dismissed on July 10, 2015, unless plaintiff filed a proof of service showing that he had accomplished service of process on De La Cruz or showed good cause for his failure to do so. Dkt. No. 50 at 4. Plaintiff did neither. Service of process was not accomplished on De La Cruz by the deadline. Plaintiff did file a response, but the court is unable to understand most of what plaintiff is attempting to convey in that response and concludes that the response did not show good cause for his failure to accomplish service of process. Dkt. No. 53. Defendant De La Cruz is now DISMISSED from this action. The dismissal is without prejudice to plaintiff filing a new action against De La Cruz if he ever finds the defendant and is able to serve process on him or her.

Plaintiff's motion for entry of default of defendants Espinosa, Alvarez and Honey is DENIED as meritless. Dkt. No. 54. Two weeks before plaintiff filed his motion, those defendants had filed a waiver of reply and demand for jury trial. Dkt. No. 52. No defendant was in default because of the unusual provisions in 42 U.S.C. § 1997e(g)(1), which allows a defendant to "waive the right of reply" in a civil rights action filed by a prisoner, provides that such a waiver is not an admission of the allegations in the complaint, and disallows relief for the plaintiff unless a reply has been filed. The "reply" referred to in § 1997e(g) appears to be the answer to the complaint. If a defendant may waive the right of reply, he would not be in default for not filing one.

Plaintiff's requests for production of documents are DENIED. Dkt. Nos. 55 and 59. If plaintiff wants to attempt to obtain discovery, he must comply with the discovery rules in Federal Rules of Civil Procedure 26-37. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a); N. D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute. Plaintiff's discovery requests should not have been filed with the court, and instead must be served on defendants by sending them to defense counsel.

Plaintiff filed a "request order for affirmative defense to complaint issues FRCP # 8, 12." Dkt. No. 57. The court is unable to understand exactly what relief plaintiff wants, but most likely plaintiff is asking that defendants be required to plead all their affirmative defenses. As so construed, plaintiff's request is DENIED. Dkt. No. 57. Defendants opted to waive the right of reply (*see* Dkt. No. 52), and the court has not yet ordered defendants to file an answer. If and when defendants are ordered to file an answer – which most likely will not occur unless and until this case makes it past the summary judgment stage – the defendants may plead any affirmative defenses in their answer.

Plaintiff's fourth motion for appointment of counsel is DENIED for the same reasons his third motion for appointment of counsel was denied. Dkt. No. 58; *see* Dkt. No. 50 at 1-2.

Plaintiff's request to proceed *in forma pauperis* is DENIED. Dkt. No. 60. Plaintiff is not entitled to proceed *in forma pauperis* in this action for the reasons explained in the order denying pauper status filed on September 2, 2014. *See* Dkt. No. 20.

B. Scheduling

In an earlier order, the court explained that a briefing schedule for dispositive motions would be set once plaintiff tended to serving process on the defendants. Dkt. No. 33 at 7. That time has arrived because service of process has been accomplished as to three defendants and the fourth defendant is being dismissed today. Accordingly, in order to move this action toward resolution, the following briefing schedule for dispositive motions is set:

1. No later than **December 18, 2015**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

2. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 15, 2016**. Plaintiff

3

must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        3.     If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 29, 2016**.

Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

**IT IS SO ORDERED**.

Dated: October 20, 2015

                                                                SUSAN ILLSTON
                                                                United States District Judge