UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL STEPHEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALVAREZ, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-01245-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>Re: Dkt. No. 79 |

In this *pro se* prisoner's civil rights action, plaintiff sued several prison officials for deliberate indifference to his medical needs. On June 7, 2016, the court granted defendants' motion for summary judgment based on non-exhaustion of administrative remedies and entered judgment against plaintiff. Plaintiff then filed a motion to re-open the action, in which he appeared to contend that he had exhausted administrative remedies, although not until after the judgment was entered. The court denied the motion to re-open. Docket No. 78.

Plaintiff now returns with a motion for relief from judgment due to mistake, inadvertence, excusable neglect and a void judgment. Docket No. 79. Plaintiff's garbled motion repeats his disagreement with the court's determination that he failed to exhaust administrative remedies before filing this action.

A party may seek relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff has failed to show any mistake, inadvertence or surprise that warrants relief under Rule 60(b)(1). Plaintiff also has failed to show excusable neglect. To determine whether neglect is excusable, the court must articulate and consider at least these four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4)

whether the movant acted in good faith." *Bateman v. United States Postal Serv.,* 231 F.3d 1220, 1223-24 (9th Cir. 2000) (adopting standard to determine excusable neglect as set forth in *Pioneer Inv. Servs. Co. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)); *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). The four factors are not exclusive, and other factors may be relevant, depending on the circumstances of the case. *Lemoge*, 587 F.3d at 1195; *see e.g., id.* (considering prejudice to plaintiffs due to statute of limitations problems). This court cannot find excusable neglect or that any of these four factors weigh in favor of setting aside the judgment because plaintiff's garbled motion for relief from judgment does not identify what the neglect consisted of, let alone explain how such neglect was excusable.

Rule 60(b)(4) allows a court to grant relief from a judgment when the "judgment is void." Fed. R. Civ. P. 60(b)(4). Although plaintiff lists a "void judgment" as one of the bases for seeking relief from judgment, *see* Docket No. 79-1 at 1, nothing in his motion remotely suggests any basis for a determination that the judgment is void.

Plaintiff's motion for relief from judgment is DENIED. Docket No. 79.

**IT IS SO ORDERED**.

Dated:   October 28, 2016

SUSAN ILLSTON
United States District Judge